**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**DARLENE ALLEN,**

                                **Plaintiff,**

    vs.                                                      5:05-CV-101
                                                                     (NAM/GJD)

**MICHAEL J. ASTRUE\*,**
**COMMISSIONER OF SOCIAL SECURITY,**

                                **Defendant.**

---

**APPEARANCES:**                                    **OF COUNSEL:**

Olinsky & Shurtliff, LLP                    Howard D. Olinsky, Esq.
300 S. State Street
5th Floor
Syracuse, New York 13202
*Attorney for Plaintiff*

Andrew T. Baxter                            Ellen Sovern, Esq.
United States Attorney for the          Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198
and
Office of General Counsel                   Barbara L. Spivak, Esq.
Social Security Administration           Regional Chief Counsel
26 Federal Plaza - Room 3904
New York, New York 10278
*Attorneys for Defendant*

      \*\* On February 12, 2007, Michael J. Astrue was sworn in as Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d)(1), he is automatically substituted for former Commissioner Joanne B. Barnhart as the defendant in this action.

**Norman A. Mordue, Chief U.S. District Judge:**

                            **MEMORANDUM-DECISION AND ORDER**

**I.     INTRODUCTION**

Plaintiff Darlene Allen moves for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 17). The Commissioner opposes plaintiff's motion on the grounds that the decision was substantially justified and further, that the amount of fees requested is excessive. (Dkt. No. 18).

## II.    BACKGROUND AND PROCEDURAL HISTORY

Familiarity with the history in the case is assumed based on this Court's previous Memorandum-Decision and Order. *See Allen v. Astrue*, 05-CV-0101, Dkt. No. 15 (March 10, 2008) (Memorandum-Decision and Order). On February 28, 2002, plaintiff filed an application for Supplemental Security Income ("SSI"). (T. 41)[1]. Plaintiff's application was denied and an administrative hearing was held before an ALJ. (T. 23-25; 26; 255-296). On May 20, 2003, the ALJ issued a decision denying plaintiff's claim for benefits. (T. 14-18). On January 7, 2005, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final determination of the Commissioner. (T. 4-6). On January 27, 2005, plaintiff brought the above-captioned action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the Commissioner of Social Security's decision to deny her application for SSI benefits. (Dkt. No. 1). Both parties moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. Nos. 7, 8). This matter was referred to United States Magistrate Judge Gustave DiBianco for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(d).

On December 14, 2006, Magistrate Judge DiBianco recommended that this Court enter judgment on the pleadings affirming the Commissioner's decision denying disability and

---

[1] "(T. )" refers to pages of the administrative transcript, Dkt. No. 6.

dismissing plaintiff's claims. (Dkt. No. 9). On December 29, 2006, plaintiff objected to the Report-Recommendation on four grounds: (1) the ALJ did not appropriately weigh the opinion of plaintiff's treating therapist; (2) the ALJ erred by not complying with the mandates of Social Security Ruling 00-4p; (3) the ALJ erroneously relied upon the testimony of a vocational expert because the hypothetical questions to the vocational expert did not conform to his ultimate determination of plaintiff's residual functional capacity; and (4) the ALJ did not apply the appropriate legal standard in assessing plaintiff's credibility. (Dkt. No. 10).

On March 10, 2008, after considering the Report-Recommendation and plaintiff's objections, this Court adopted the Report-Recommendation in part and rejected the Report-Recommendation in part and remanded the case for further proceedings. (Dkt. No. 15, pp. 21-22). This Court remanded the matter to the Commissioner for an evaluation of plaintiff's treating therapist's opinion and its impact, if any, upon the determination of plaintiff's mental residual functional capacity. (Dkt. No. 15, p. 15). This Court further remanded the case for a proper determination of plaintiff's credibility with specific findings based upon substantial evidence. (Dkt. No. 15, p. 21). On April 28, 2008, plaintiff filed the within motion seeking attorney's fees in the sum of $9,533.38. (Dkt. No. 17).

### III. DISCUSSION

The EAJA provides:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. 2412(d)(1)(A). In order for a party to be awarded attorney's fees under the EAJA, the

3

plaintiff must demonstrate that he or she: 1) is the prevailing party; 2) eligible to receive an award; 3) enumerate the amount sought; 4) show the rate at which fees were computed; and 5) allege that the position of the United States was not substantially justified. *See* § 2412(d)(1)(B). However, even if an agency's position was not substantially justified, an award of fees may be denied or reduced pursuant to EAJA if "special circumstances" would make an otherwise proper award "unjust". *Ortiz v. Chater*, 1997 WL 50217, at *4 (E.D.N.Y. 1997) (citing 28 U.S.C. § 2412(d)(1)(A)). Although the statute does not define the key terms "special circumstances" and "unjust", the Second Circuit has held that equitable considerations should inform a court's decision in this area. *Id*. (citing *Oguachuba v. INS*, 706 F.2d 93, 98 (2d Cir. 1983)).

In this case, plaintiff claims that an EAJA award is available as: (1) plaintiff's net worth did not exceed $2,000,000 at the time the action was filed; (2) plaintiff was a "prevailing party" in a case against the government; and (3) the position of the United States was not substantially justified.[2] (Dkt. No. 16, pp. 3-4). The Commissioner asserts: (1) the ALJ's decision was substantially justified within the meaning of the EAJA; and (2) even if the Court finds that an award of attorney's fees is appropriate, plaintiff's fee request is excessive. (Dkt. No. 18).

**A.    Substantial Justification**

Courts have held that the substantially justified standard:

[i]s intended to caution agencies to carefully evaluate their case and not to pursue those which are weak or tenuous. At the same time, the language of the section protects the government when its case, though not prevailing, has a reasonable basis in law and fact.

*Cohen v. Bowen*, 837 F.2d 582, 585 (quoting H.R.Rep. No. 96-1418, 96th Cong., 2d. Sess., 11

---

[2] Defendant does not object to plaintiff's claim that he is a "prevailing party" within the meaning of 28 U.S.C. § 2412(d)(1)(B).

(1980), reprinted in 1980 U.S.C.C.A.N. 4993); *see also Henriquez v. Chater*, 1997 WL 45351, at *1 -2  (S.D.N.Y. 1997).   The party seeking attorney's fees must allege that the position of the Government was not "substantially justified".  *See Butts v. Astrue*, 565 F.Supp.2d 403, 406 (N.D.N.Y. 2008) (citing  28 U.S.C. § 2412(d)(1)(B)).  Once the plaintiff has done so, the burden shifts to the Commissioner to establish that its opposition was substantially justified.  *See Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 (2d Cir. 1999).  In order to determine whether the Government was "substantially justified, courts are to apply a standard of reasonableness".  *Green v. Bowen*, 877 F.2d 204, 207 (2d Cir. 1989) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).   The legislative history of the EAJA indicates that the substantial justification standard "should not be read to raise a presumption that the Government position was not substantially justified, simply because it lost the case".  *Cohen,* 837 F.2d at 585 (quoting cases and legislative history) (citations and internal quotation marks omitted).   However, the Government has the burden of proof on the substantial justification issue and a "strong showing" is required to satisfy this burden.  *Envtl. Defense Fund, Inc. v. Watt*, 722 F.2d 1081, 1085 (2d Cir.1983); *see also Rosado v. Bowen*, 823 F.2d 40, 42 (2d Cir. 1987) (holding that the government must show that its action was justified in law and fact).  The Commissioner cannot prevail by arguing that he was substantially justified in some of the positions he took if he was not substantially justified on all the positions.  *Maxey v. Chater*, 1996 WL 492906, at *3 (N.D.N.Y. 1996) (citing *Myers v. Sullivan*, 916 F.2d 659, 666 n. 5 (11th Cir. 1990)) (government must establish that all its litigation positions were substantially justified).

      In this case, plaintiff contends that the position of the United States was not substantially

justified.[3]   Defendant argues that the Commissioner's decision was, "certainly not devoid of legal or factual support". (Dkt. No. 18, p. 4).  Specifically, defendant asserts that the opinions of plaintiff's treating therapist, Jennifer L. Wainman-Sauda ("Wainman-Sauda"), were not "medical opinions" from an "acceptable medical source" and thus, the ALJ properly concluded that he was not required to properly weigh the opinions. (Dkt. No. 18, p. 4).  Further, defendant contends that although the ALJ did not clearly articulate the weight given to Wainman-Sauda's opinion, the ALJ's discussion of the evidence allowed a subsequent reviewer to determine the weight.[4] (Dkt. No. 18, p. 6).  Defendant further asserts that the ALJ's analysis of plaintiff's credibility was reasonable. (Dkt. No. 18, p. 7).

Although a psychotherapist's report is not an "acceptable medical source" under 20 C.F.R. § 404.1513(a), the report of a therapist who provides treatment to the plaintiff on a regular basis should be accorded more than little weight.  *See Mejia v. Barnhart*, 261 F.Supp.2d 142, 148 (E.D.N.Y. 2003); *see also White v. Comm'r of Soc. Sec.*, 302 F.Supp.2d 170, 176 (W.D.N.Y. 2004) (holding that ALJ erred when he failed to give appropriate weight to the opinion of a social worker because the source had a regular treatment relationship with the plaintiff).  When an ALJ selectively reviews the reports from plaintiff's treating therapists, noting only the findings that support his conclusion, it is a "significant omission or a serious logical flaw".  *See Hart v. Astrue*, 2008 WL 5423160, at * 3 (W.D. Wis. 2008) (awarding attorney fees and costs to the plaintiff and holding that this error, combined with the ALJ's failure to articulate the reasons behind his

---

[3] Plaintiff does not offer any arguments to support this contention. However, the statute requires the court to review the record to determine whether or not the Government was substantially justified. *See Butts*, 565 F.Supp.2d at 406 (citing 28 U.S.C. § 2412(d)(1)(B)).

[4] Defendant did not cite to any caselaw in support of these arguments.

assessment of the plaintiff's credibility, made it unreasonable for the government to attempt to defend that decision).

With regard to credibility, the ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and "to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant." *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979); *Snell v. Apfel*, 177 F.3d 128, 135 (2d Cir. 1999). After considering plaintiff's subjective testimony, the objective medical evidence, and any other factors deemed relevant, the ALJ may accept or reject claimant's subjective testimony. *Martone v. Apfel*, 70 F. Supp.2d 145, 151 (N.D.N.Y. 1999); *see also* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). An ALJ rejecting subjective testimony must do so explicitly and with specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether his decision is supported by substantial evidence. *Melchior v. Apfel*, 15 F.Supp.2d 215, 219 (N.D.N.Y. 1998) (quoting *Brandon v. Bowen*, 666 F.Supp 604, 608 (S.D.N.Y. 1987)) (citations omitted). The ALJ's credibility determination must be sufficiently specific to enable meaningful appellate review, and the reasons for the ALJ's credibility finding must be specified, not implied. *Boyd v. Barnhart*, 175 Fed.Appx. 47, 49 (7th Cir. 2006) (internal citations omitted) (holding that since the ALJ failed to articulate the specific reasons for discrediting the plaintiff's testimony regarding his pain, the Commissioner's position was not substantially justified).

In this case, Wainman-Sauda, provided an opinion regarding plaintiff's mental ability to perform work related activities. (Dkt. No. 15, p. 12). Wainman-Sauda concluded that plaintiff would not be capable of interacting appropriately with the general public, maintaining socially

appropriate behavior, traveling in unfamiliar places or using public transportation.  (T. 237).  In the decision, the ALJ acknowledged Wainman-Sauda's diagnosis of Post-Traumatic Stress Disorder, Depression and Personality Disorder and relied upon Wainman-Sauda's belief that plaintiff was capable of understanding, remembering and carrying out short and simple instructions.  (Dkt. No. 15, p. 14).  However, the ALJ did not analyze Wainman-Sauda's report and did not explain why he discredited Wainman-Sauda's opinions.  (Dkt. No. 15, p. 15).  With regard to plaintiff's credibility, the ALJ found plaintiff to be "partially credible".  (Dkt. No. 15, p. 20).  However, the ALJ failed to set forth what allegations he found to be credible and failed to state the reasons for his credibility determination.  (Dkt. No. 15, p. 20).

In the Memorandum-Decision and Order, this Court noted that although the ALJ relied on Wainman-Sauda's opinion that plaintiff was "capable of understanding, remembering, and carrying out short and simple instructions", the ALJ made no reference to Wainman-Sauda's opinions regarding plaintiff's psychological limitations and failed to articulate why he discredited Wainman-Sauda's report.  (Dkt. No. 15, p. 15).  Therefore, this Court remanded the matter for an evaluation of the treating therapist's opinion and its impact on plaintiff's mental RFC. (Dkt. No. 15, p. 15).       This Court also addressed the ALJ's evaluation of plaintiff's credibility and noted that the ALJ summarized plaintiff's testimony with regard to her living conditions and daily activities.  However, this Court found that the ALJ failed to explain why he found plaintiff's testimony served to only partially discredit her allegations. (Dkt. No. 15, p.21).  Therefore, this Court remanded the matter for a proper determination of plaintiff's credibility with specific findings.  (Dkt. No. 15, p. 21).

Based upon the aforementioned, the Court finds that defendant has failed to prove that the

8

Commissioner's decision was substantially justified.  The record indicates that Wainman-Sauda began treating plaintiff in 2000 and completed an assessment of plaintiff's "Ability to do Work-Related Activities (Mental) in March 2003.  Moreover, Wainman-Sauda was the only treating source to provide an evaluation of plaintiff's mental impairments.  Therefore, as the ALJ failed articulate why he discredited her opinions, failed to provide any analysis of her opinions and selectively relied upon only portions of her opinion, a reasonable person could conclude that the record was incomplete.  Moreover, the ALJ's failure to specify why he considered the plaintiff's testimony to be "partially credible" and failure to specify why he discredited portions of plaintiff's testimony, could lead a reasonable person to conclude that the ALJ's position was not correct.  *Contra Matlock v. Barnhart*, 131 Fed.Appx. 597, 599 (9th Cir. 2005).  Accordingly, the Court concludes that the Commissioner's decision was not substantially justified.[5]

**B.     Reasonableness of Fee Request**

Plaintiff requests an award in the amount of $9,533.38 for 59 hours of attorney work.  Defendant argues that if this Court finds that an award of fees is appropriate, 20 to 40 hours is generally the standard in social security matters.  (Dkt. No. 18, p. 8).   Moreover, defendant argues that plaintiff's billing in 1/4-hour increments resulted in an overstatement of hours.[6]

When assessing whether to award attorney's fees to a prevailing party, a court has broad discretion to determine whether the amount of time an attorney has expended is reasonable. *Crudele v. Chater*, 1997 WL 198076, at *5 (S.D.N.Y. 1997) (citing *Aston v. Secretary of Health*

---

[5] Defendant does not argue that special circumstances require a denial or reduction of fees.

[6] On March 13, 2008, plaintiff executed an Affidavit and Waiver of Direct Payment of EAJA Fees.  In the Affidavit, plaintiff stated, "I hereby agree to waive direct payment of the EAJA fees and assign said fees to be paid directly to my attorney". (Dkt. No. 17).  Defendant does not object to awarding the fees directly to plaintiff's attorney based upon this waiver. (Dkt. No. 18).

*and Human Servs*, 808 F.2d 9, 11 (2d Cir. 1986)).  The specific facts of each case determine what fee is appropriate.  *Ferguson v. Apfel*, 2000 WL 709018, at *2 (E.D.N.Y. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)).  District courts in the Second Circuit have held that, on average, an attorney spends twenty to forty hours on routine social security cases.  *Cruz v. Apfel,* 48 F.Supp.2d 226, 231 (E.D.N.Y. 1999); *see also Grey v. Chater,* 1997 WL 12806, at *2 (S.D.N.Y. 1997); *Hogan v. Astrue*, 539 F.Supp.2d 680, 682 (W.D.N.Y. 2008).  Attorney's fees in excess of the routine twenty to forty hours will be awarded where the facts of the specific case warrant such an award.  *Hinton v. Sullivan*, 1991 WL 123960, at *5 (S.D.N.Y. 1991); *see also Scott v. Astrue*, 474 F.Supp.2d 465, 467 (W.D.N.Y. 2007) (holding that case involving a brain tumor near the plaintiff's pituitary gland that affected hormone production and body functions was an unusual and complex matter).   When deciding what amount is appropriate, the court will not compensate or penalize counsel for her expertise.  *See Laguna v. Secretary of Dep't of Health and Human Servs*., 1992 WL 179215, at *4 (E.D.N.Y. 1992).

In certain instances, reductions in entries are necessary.  *See Colegrove v. Barnhart,* 435 F.Supp.2d 218, 221 (W.D.N.Y. 2006) (holding that a reduction was necessary when a number of entries were billed in quarter-hour time increments for tasks that seemingly would not take a full fifteen minutes (i.e., enclosure letters, receipt and review of simple Orders from the Court and letters for extensions of time)); *see also La Barbera v. Pass 1234 Trucking, Inc*., 2007 WL 2908175, at *7 (E.D.N.Y. 2007) (reducing hours billed by 15% where method of billing was "not entirely accurate since [attorneys'] time is divided into fifteen minute increments instead of the more traditional six minutes.").  Courts may also reduce entries if the number of hours spent on a task are excessive or if entries relate to clerical tasks.  *See Greenridge v. Barnhart*, 2005 WL

357318, at *4 (W.D.N.Y. 2005); *see also Destefano v. Astrue*, 2008 WL 623197, at *3 (E.D.N.Y. 2008). Moreover, time may be reduced when billing entries are less than precise. *Destefano*, 2008 WL 623197, at *3 n. 5.

While reviewing the fee application, the court is not required to "scrutinize each action taken or the time spent on it" when determining what is reasonable. *Hogan*, 539 F.Supp.2d at 683 (internal citations omitted) (holding that a reduction of approximately 5% in the total fee requested was appropriate); *see also Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (holding that the Court has discretion simply to apply a reasonable percentage reduction "as a practical means of trimming fat from a fee application"); *see also New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983) (holding that district judge acted within his discretion when he chose to make percentage reductions in response to the defendants' detailed claims that the fee application contained excessive and duplicative hours).

In this case, plaintiff requests recovery for a total of 59 hours. Plaintiff does not contend that this case involved any complex legal or medical issues requiring a departure from the generally accepted standard of 20 - 40 hours. After reviewing the administrative record, the papers submitted and the history of the case, the Court concludes that the hours are excessive and require some reduction. The Court notes that every task entry in counsel's itemization was billed in 1/4 hour increments (15 minutes). (Dkt. No. 17). Further, plaintiff's counsel has "lumped" clerical tasks with attorney tasks (e.g., "Draft Summons & Complaint, make copies for filing w/Clerk, prepare civil cover sheet") and has not provided detail regarding certain tasks (e.g., "[c]orrespondence with client", "telephone conference with client", or "[r]eview correspondence").

Upon review of plaintiff's submissions, the Court further finds that the time allocated to certain tasks was excessive. For example, plaintiff claims that 2 ½ hours were expended by counsel to "[d]raft Summons and Complaint, make copies for filing with Clerk, prepare civil cover sheet". (Dkt. No. 16). However, the complaint is only 1 ½ pages in length. (Dkt. No. 1). Moreover, the entry is unreasonable as it contains clerical tasks. Further, plaintiff's counsel claims that a total of 22 ¾ hours were spent on plaintiff's Memorandum of Law which included 8 hours to "analyze record, issue spotting for appeal, notes for brief prep."; 3 hours for research; 7 hours to draft the memorandum and 4 ¾ hours to "edit", "crosscheck", "finalize and file". Plaintiff further claims that counsel expended 12 ½ hours on the objections to the Report-Recommendation which contained two of the four arguments previously presented in the Memorandum of Law. Of the 12 ½ hours, counsel allegedly expended 5 hours for "file review, legal research", 6 hours to draft the objections to the report-recommendation and 2 ½ hours to "edit and finalize". The Court finds these entries excessive, duplicative and unreasonable.

Finally, the Court concludes that 8 ½ hours spent by counsel to "prepar[e]" and to "finalize and file" the EAJA motion is excessive and unreasonable. Plaintiff's motion contained no legal arguments with regard to why the Commissioner's position was not substantially justified. In fact, the entire Memorandum of Law, dated April 28, 2008, contains 14 pages of arguments with regard to why EAJA fees should be paid to plaintiff's attorney and not plaintiff. This point was not contested by defendant and was essentially rendered moot on March 13, 2008 when plaintiff executed an affidavit waiving direct payment of the EAJA fees and assigning said fees to the attorney.

Accordingly, after reviewing the record and considering the work performed, the Court

reduces the total fee by 20% for an attorney fee award of $7,626.70.

IV.     **CONCLUSION**

Based upon the foregoing, it is hereby

**ORDERED** that plaintiff's motion (Dkt. No. 17) for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, is **GRANTED** in the amount of $7,626.70, with the award to be made payable to plaintiff's counsel.

**IT IS SO ORDERED.**

Date: May 29, 2009

_____
Norman A. Mordue
Chief United States District Court Judge